CHITTENDEN, *January*, 1841.

Whitcomb *v.* Preston.

---

ERASTUS F. WHITCOMB *v.* NOAH PRESTON.

An award that W. should make and execute a deed of all the lands he holds by a certain conveyance from M , is not void for uncertainty.

A plea in bar, assuming a wrong or more extended construction of an award than is warranted, is bad, as not answering the declaration.

A plea in bar to an action upon an award, equivalent to a traverse of a performance alleged by plaintiff, in his declaration, and which the plaintiff would have been required to prove on the general issue, is bad.

Where parties submit to arbitration and agree that each will perform the award or pay $500; if the award be to pay a sum of money, the sum awarded is the measure of damages.

*Assumpsit*, upon an award of arbitrators.

THE plaintiff declared " in a plea of the case, for that whereas, before the making of the promise of the defendant hereinafter next mentioned, certain differences had arisen and were then depending between the said plaintiff and the

said defendant, touching and concerning a quantity of hay and a certain piece of land, a part of the old Cox farm, in Richmond, in the county of Chittenden, and divers suits having then been commenced and were then pending, relative to said hay, by this defendant against this plaintiff, which said hay, the said plaintiff had, before that time, received of and from the said defendant, and converted to his own use.. And therefore for the putting an end to the said differences the said plaintiff, and the said defendant, heretofore, to wit, on the 13th day of March, A. D. 1837, at said Richmond, by their writing, signed by them respectively, submitted themselves to the award of Edward Jones and Nathan Fay, jr., giving the said Jones and Fay full power to award the transfer of the title to said land, by deed, or otherwise, and the price and quantity of said hay, and also to award as to the bills of cost which had arisen in said suits above-mentioned, and all other things as to law and equity should appertain, and then and there mutually bound themselves, in the said submission, that, in case either the said plaintiff or the said defendant, should revoke the said submission, or neglect and refuse to perform the award made in the premises, the party so revoking or neglecting and refusing to perform the award so made, as aforesaid, should pay to the other party the sum of five hundred dollars, in lieu of all other damages ; and, in consideration thereof, and that the said plaintiff, at the special instance and request of the said defendant, had then and there undertaken and faithfully promised the said defendant to perform, abide and fulfil the award of the said Edward Jones and Nathan Fay, jr., to be so made as soon as might be between the said plaintiff and defendant, of and concerning the said differences, in all things therein contained, on the said plaintiff's part and behalf to be performed and fulfilled, or else to pay the defendant the said sum of five hundred dollars, he, the said defendant, then and there faithfully promised the said plaintiff to perform and fulfil the said award in all things therein contained on the said defendant's part and behalf to be performed and fulfilled, or else to pay the said plaintiff the said sum of five hundred dollars. And the said plaintiff in fact saith that the said Edward Jones and Nathan Fay, jr., having taken upon themselves the burthen

of said arbitrament, afterwards, to wit, on the 13th day of March, A. D. 1837, at said Richmond, made their certain award, in writing, between the said plaintiff and the said defendant, of and concerning the said differences, and did thereby award, among other things, that the said plaintiff should, on or before the first day of April then next, make out, well execute, and deliver to the said defendant, a good authentic deed of conveyance of all the land which the said plaintiff then held by deed of conveyance from one Samuel Martin, being a part of the old Cox farm, and give to the said defendant the possession of the said premises on or before the day last aforesaid, and that, upon the delivery of the said deed of said land by the said plaintiff to the said defendant, the defendant should pay to the said plaintiff the, sum of $277,36, in full satisfaction and discharge of said difference, of which said award the said defendant, afterwards, to wit, on the said thirteenth day of March, A. D. 1837, at said Richmond, had notice. And, although the said plaintiff, afterwards, to wit, on the said first day of April, and at all times before and since, hath been willing and ready to perform, and did then and there perform, all things on his part in the said award by him to be performed and fulfilled, and although the said defendant was, after the making of said award, to wit, on the said first day of April, at said Richmond, and before and since that time, requested by the said plaintiff to pay the said sum of two hundred and seventy-seven dollars and thirty-six cents, and to take of and from the plaintiff a good and authentic deed of conveyance of all the land which the plaintiff, at the time of making of said award, held by virtue of said deed from Samuel Martin, being a part of the old Cox farm, so called, in Richmond, aforesaid, (which deed plaintiff then and there executed to defendant, with covenant of warranty, and offered to de-defendant, with possession of the premises, agreeably to said award, all which plaintiff was then and there ready and willing to do) or otherwise to pay to the said plaintiff the said sum of five hundred dollars, according to the tenor and effect of the said submission and award and according to the promises and undertakings of him the said defendant. Yet the said defendant did not nor would on or before the said first day of April, A. D. 1837, pay to the plaintiff the said

CHITTENDEN,
January,
1841.

Whitcomb
v.
Preston.

CHITTENDEN, January, 1841.

Whitcomb v. Preston.

sum of two hundred and seventy-seven dollars and thirty-six cents, nor the said sum of five hundred dollars, nor any part thereof, nor accept said deed so executed and offered, but then and there wholly neglected and refused so to do, whereby and by reason whereof the said defendant became liable to pay to the said plaintiff the said sum of five hundred dollars agreeably to his said promise and undertaking in the said submission contained and expressed," &c.

The defendant pleaded the following pleas in bar;

First plea:—"That the land in the said plaintiff's declaration mentioned, is the same land described in a certain deed from one Samuel Martin to the said plaintiff, dated the 11th day of November, A. D. 1834, and recorded in the land records of the said town of Richmond, and no other land, and is therein described, as follows, to wit:—(describing the land by metes and bounds.)

And the said defendant further says, that afterwards, to wit, on the same 13th day of March, A. D. 1837, at said Richmond, the said arbitrators, well knowing the premises, did proceed to a hearing of the matters submitted to them, as aforesaid, and that upon and during, and at the time of said hearing, by said arbitrators, the title to the said land was not then and there put in issue by the said parties, nor any evidence given to the said arbitrators in relation thereto, nor by them in any manner adjudicated or determined upon, whatsoever, except as in the said declaration mentioned, and in consideration of the premises, the said arbitrators, afterwards, to wit, on the same 13th day of March, 1837, at said Richmond, did make and publish, under their hands, a certain instrument in writing, as their award in the premises, which was in the words and figures following, that is to say:—

'We, the undersigned, arbitrators between the parties aforesaid, after duly examining the evidence in the case, have come to the following result, and do hereby award that the said Erastus F. Whitcomb shall make and well execute, a good and authentic deed of conveyance of all the land that the said Erastus F. Whitcomb holds by deed of conveyance from Samuel Martin, being a part of the old Cox farm; said deed to be made out and delivered to the said Noah Preston and

possession given him of the premises on or before the first day of April next, for $362,50.

We also award that the said E. F. Whitcomb shall account to the said Preston, in part pay for said land, for 11 tons 735 lbs. of hay, at $7,00 per ton,

$79,55

14 months interest, - - 5,59

Being, - - $85,14

Balance due Whitcomb, $277,36

We further award that the said N. Preston shall pay all the cost that has arisen in the two suits which are now pending, one commenced in the county court, and the other before a justice of the peace, both of which have grown out of difficulties mentioned in the submission. And do further say and award that the parties shall each of them severally pay their own costs which have arisen on the trial this day, that is to say :—

Noah Preston shall pay, - - - $11,47

And one half of the fees of arbitrators, 2,00

$13,47

And we also award that the said E. F. Whitcomb shall pay his bill of cost that has arisen on the trial this day, $12,61

And one half of the fees of arbitrators, - - - 2,00

$14,61

And it is further awarded that, on the delivery of the said deed from the said Erastus F. Whitcomb to the said Noah Preston of the before-mentioned tract of land, the said Preston shall pay to the said Whitcomb, the sum of $277,36.

At Richmond, Chittenden County, this thirteenth day of March, A. D. 1837.

EDWARD JONES, ⟩ *Arbitrators.*'
NATHAN FAY, jr. ⟨

And the said defendant further says that the foregoing instrument is the same award in the said declaration and no other, and that the land in the said award mentioned is the same land described in the said deed from Samuel Martin to the plaintiff, as above set forth in this plea, and no other or different land. And the said defendant in fact saith that, at the time of the making and publishing of the said award, as

aforesaid, and ever since, the said plaintiff was not, nor hath been seized in fact or in law of the said land, nor had he any right or authority to sell or convey the same in any manner whatsoever; but, on the contrary thereof, the legal estate and interest in and to the following severally described pieces and tracts of land, parcel and part of the same land described in the said deed of Samuel Martin to the plaintiff, namely—(describing sundry parcels of said land, and, among others, a portion set to Lydia Cox in the division of her fathers estate, and also a piece of land set to the widow of Matthew Cox, deceased, as her dower,) respectively, were, at the time of the making of the said award, and ever since have been, in other persons, not parties to the said submission, and not in the said plaintiff, who had not then nor since any legal interest or estate or right to the same whatsoever, and that the said last piece above described as being set to the share of Lydia Cox, and all that portion described as parcel of the said widow's dower were not, at the date of the said award, and never since have been in the possession of the said plaintiff, but in the possession of other and different persons, who held and claimed to hold and do still hold and claim to hold the same adversely to the said plaintiff. And the said defendant further says, that afterwards, to wit, on the first day of April, A. D. 1837, at said Richmond, and at no other time, the said plaintiff did execute and offer to the said defendant a deed in due form executed with the usual covenants of warranty and seizin of certain land, therein described as all the land the said plaintiff then held by virtue of a deed of conveyance from Samuel Martin to him, the said plaintiff, dated the 11th November, 1834, which was recorded in book fifth, pages 309 and 310, of Richmond land records, and then and there requested this defendant to pay to him the sum of $277,36, in the said declaration mentioned, but in no other manner, way or thing, did the said plaintiff ever perform, or offer to perform, the matters and things in the said award directed by him to be done and performed, wherefore, this defendant did then and there refuse to pay the said sum of $277,36, in the said declaration mentioned, as well he might, and this he is ready to verify, wherefore, the said defendant prays judgment," &c.

Second plea :—" That the said plaintiff, his action afore-

CHITTENDEN,
January,
1841.

Whitcomb
v.
Preston.

said thereof against him, ought not to have or maintain, because he says that the said land in the said plaintiff's declaration mentioned, is the same land by this defendant particularly above in his first plea mentioned and described, and no other or different land, to which plea, to avoid prolixity, the said defendant refers the court here. And the said arbitrators, well knowing the premises, did proceed to hear and determine the matters so submitted to them, on the said 13th day of March, at said Richmond, and then and there did make and publish as their award in the premises a certain instrument, in writing, wherein and whereby they directed, among other things, the said acts to be done by the said plaintiff, and the said defendant, respectively, and in manner and form as the said plaintiff hath thereof in that behalf, in his said declaration alleged; and the said defendant further says, that at the time of and during the said hearing of the said arbitrators, as aforesaid, the question of the title to the said land, was not put in issue before the said arbitrators, nor any evidence in relation thereto given, before them whatsoever, nor was the title aforesaid by them in any manner, whatsoever, adjudicated or determined. And the said defendant further says, that, at the time of the making of the said award, as aforesaid, and at all times since, the said plaintiff was not nor hath been seized or possessed of the whole of said land, in law or in fact, nor had, nor hath he had, the legal or equitable estate or interest in and to the whole of the same, nor any right or authority to convey the whole of the said land to the said defendant, whatsoever, but, on the contrary thereof, the legal and equitable title, and estate and possession of a large portion, to wit, of two-thirds of the said land, was then and there, and ever since hath been, in other and different persons, not parties to the said submission.

And the said defendant further says, that, afterwards to wit, on the said first day of April, A. D., 1837, at said Richmond, the said plaintiff did execute and offer to deliver to the said defendant, a deed in due form, executed with the usual covenants of warranty, and seizin, of certain lands, therein described as all the land the said plaintiff then held, by virtue of a deed of conveyance from Samuel Martin to him, the said plaintiff, dated November 11th, 1834, which

was recorded in book 5, pages 309 and 310, of Richmond land records, and then and there requested this defendant to pay to him the sum of $277,36, in the said declaration mentioned, but in no other manner, way or thing, did the said plaintiff then and there, or at any other time or place, perform, or offer to perform, the matters and things in the said award directed to be done and performed by him, the said plaintiff, wherefore this defendant did refuse to pay to the said plaintiff, the said sum of $277,36, in the said declaration mentioned, as well he might, and this he, the said defendant, is ready to verify," &c.

The plaintiff demurred to the defendant's pleas, and, for special causes of demurrer, set down the following:

First :—that the pleas were argumentative, as they neither confessed and avoided, nor directly denied, any allegation in the declaration:

Secondly :—that they were uncertain, because it did not appear, from the pleas, who owned or possessed the premises :

Thirdly :—that the pleas amounted to the general issue, and were double and repugnant.

The county court decided that the defendant's pleas were insuffcient, and rendered a judgement for the plaintiff, and the defendant excepted to the decision.

*C. D. Kasson*, for defendant.

I. As to the pleas amounting to the general issue. Special pleas are never objectionable on this ground, except where they consist of *facts which are mere matter of denial of those alleged in the declaration*, which the plaintiff would be *bound to prove* under the *general issue.*

But when they introduce *new matter*, or *give color, express* or *implied*, to the plaintiff's cause of action, they are, in this respect, good.

These pleas give both express and implied color, and introduce new matter; and this doctrine holds, although the defendant might have shown it under the general issue. 1 Chit. Pl. 557, 8, 9, 60.

No fatal defects being pointed out, by the *special* demurrer, to the *form* of the pleas, they are left to be determined upon their *merits;* a *general* demurrer reaching *substance only.* 1 Chit. Pl. 701.

II. If the court give the award a construction which renders it *void*, the plaintiff cannot recover.

In order to be *valid* as an award, it must be so *certain*, in its requisitions, that the parties may respectively know their *rights* and *duties* under it.    *Tipping* v. *Smith*, Strange, 1024.    *Knott* v. *Long*, ib. 1025.    *Schuyler* v. *Vanderveer*, 2 Caines' R. 235. *Jackson, ex dem. Stanton*, v. *De Long*, 9 J. R. 43.    *Brown* v. *Hankerson*, 3 Cow. R. 70;    *Pope* v. *Brett*, 2 Saund. 293. n. (1.)

The award directs the plaintiff to give the defendant the *possession* of the *same land* that he is to convey to him by *deed ;* and describes it as *" a part of the old Cox farm."* But there is no *certainity* in *that.*

It then says, that part which *" he holds by deed of conveyance from Samuel Martin."* Herein it points to the specific *land described in the plea*, which also avers it to be the same, and *no different* land. If it does not mean the land described, *what part of it does it mean?*

But there is another fatal objection to such a construction.

It appears by the plea that *the title was never inquired into at all* by the arbitrators.

It would be strange, indeed, if they should attempt to define the rights and duties of the parties by what *they were in total ignorance of ;* or that they should have presumed to act on matters *which were never before them !*

Again, in the last clause of the award, they speak of *" the before mentioned tract of land,"* for which he (Preston) was to pay the balance of $277,36.

It is also observable that they all along speak of *" land,"* as of something *palpable ;* of which *possession* could be given ; but not a word about an *intangible title*—something of which they could determine the *value*, which is presumptive evidence they had the *means* of doing so.    But the plea *negatives* their *knowledge* of the *title.*    Hence they must have referred to the land described.

The following consequences flow from the pleas in this view of the case.

1. That, supposing the award to be *valid*, it requires of the plaintiff to give, not only a deed of the land described, but the possession of it to the defendant ; and the decision of the court, in this case, at the last term, establishes the fact

CHITTENDEN, that they were a *condition precedent;* and the pleas having
January,
1841.      set out the precise manner in which the plaintiff attempted

Whitcomb    to perform, and also showing his *inability,* and *traversing*
v.          *all other performance;* it follows, that there has been *no*
Preston.    *performance,* unless the offering of the deed alone is so. But,
as it appears from the pleas that the situation of the subject
matter was such, as that the *deed would not, ipso facto, car-*
*ry with it the possession, nor the right of possession,* it is
no performance. *Jones* v. *Gardner,* 10 J. R. 267.

2. That if the award only refers to the land he had title
to, as it expressly appears that nothing was done but to offer
a certain deed, that land being *peculiarly within his own*
*knowledge,* there has been no performance ; for it was his
duty at least to *indicate to the defendant,* that *portion* to
which he had a right of possession. For the defendant
had no guide but the Martin deed, and the plaintiff must be
presumed to know the extent of his own title. *Rogers et*
*al.* v. *Van Hazen,* 12 J. R. 221. *Smith* v. *Loomis,* 7 Con.
R. 110. *Barney* v. *Bliss,* Chip. R. 400. 3 Wash. C.
C. R. 140. Chitty on Con. 272. *et seq.* & note ‡.

3. That the award is shown to be void for the following
reasons :

1. It commands the possession to be given of land *right-*
*fully owned and possessed* by *third persons,* which would
be a trespass, and, of course, illegal. *Alder* v. *Savill,* 5
Taunt. 454. *Martin* v. *Williams,* 13 J. R. 264. *Brown*
v. *Hankerson,* 3 Cow. 73. Cald. Ab. 111. *Aubert* v. *Maze,*
2 B. & P. 371.

2. The title and possession, or at least the possession, be-
ing the *consideration* for the payment of the $362,50, hav-
ing *failed,* the plaintiff cannot enforce this action. *Frisby*
v. *Hoffnagle,* 11 J. R. 50. *Judson* v. *Wass,* ib. 525. *Brown*
v. *Hankerson,* 3 Cow. 73. *Commonwealth* v. *Pejepscutt*
*Prop's,* 7 Mass. 420. *Hanson* v. *Boothman,* 13 East. 22.
*Pope* v. *Brett,* 2 Saund. 293.

3. The award covering land owned by *third persons,* is
in derogation of *their* rights, and *void* for that alone. *Alder*
v. *Savill,* 5 Taunt. 454. *Martin* v. *Williams,* 13 J. R. 264.

*Wm. P. Briggs and Hyde & Peck,* for plaintiff.

1. The construction of the award is that the plaintiff shall
execute a deed, not of all the land described in the Martin

deed, but of so much as the plaintiff held or possessed, by virtue of the Martin deed. Where there is no ambiguity in the words, no exposition shall be admitted contrary to their obvious import, unless, on the face of the instrument, a literal interpretation involves an absurdity. 5 T. R. 564. 7 *Id.* 676. 2 P. Will. 303. 5 Vt. R. 76.

The deed, being in the language of the award, must receive the same construction, and was a compliance. The averment in the plea, identifying the land in the Martin deed with the land in the award, cannot be received to control the construction.

2. The words, "to make and well execute a good and authentic deed," do not bind the plaintiff to give a good title. They relate to the form and execution of the deed, and not to the title. *Gazley* v. *Price*, 16 Johns. 267 *Parker* v. *Parmelee*, 20 Johns. 130. *Preston* v. *Whitcomb*, 11 Vt. R. 47. As the court cannot look behind the award and see on what considerations the arbitrators proceeded, they will not extend the words beyond their ordinary import. The plaintiff may have held in trust, and bound only to release or give such title as he had. The allegation, therefore, of want of title is immaterial, even if it extended to the whole of the land.

3. The plea denies title in the plaintiff to a part, only, of the land described in the Martin deed, and admits title and possession in him to the residue. The inference is, (and no allegation shows the contrary,) that the arbitrators knew the precise limits of the plaintiff's title, measured the consideration, and made their award accordingly, requiring a deed from the plaintiff co-extensive with his title.

4. The averment of adverse possession is not sufficient to avoid the deed. 1. The plea admits the plaintiff's possession to have been coextensive with his title, and, as the deed tendered purports to convey only what the plaintiff held or possessed by title, the adverse possession is not of land embraced in the terms of the deed. 2. The possession is alleged as adverse only to the plaintiff, and, for aught that appears, possession was in defendant, or some one claiming under him, so that the deed would come in aid of the adverse possession. Swift's Dig. 121. *Hibbard* v. *Hurlburt*, 10 Vt. R. 173. *Hall* v. *Hall*, 5 Vt. R. 304. 3. The plea denies only legal

seizin in plaintiff, who may have held in trust, had an equitable title, or other interest, not within the statute. 4 Kent's Com. 449, (n. b.) 1 Swanst. R. 55, 56. 1 Leigh, 231. Swift's Dig. 120, 121. *Converse v. Searls,* 10 Vt. R. 578. *Mitchell v. Stevens,* 1 Aik. 16. *Selleck v. Starr.* 6 Vt. R. 194. 4. If the deed were void, the covenants would be good, and the deed also operate as an estoppel against the grantor, and be good as a release. *Preston v. Whitcomb,* 11 Vt. R. 47.

5. The award is not void. It is mutual, certain and final, if not in terms, yet in legal effect. *Byers v. Deazen,* 5 Wend. 268. *Purdy v. Delavan,* 1 Caines' R. 314 ; 3 do. 253. *McInstry v. Solomon,* 2 Johns. 57. *Hawkins v. Colclough,* 1 Burr. *Cox v. Jagger,* 2 Cowen, 638. In 3 Cowen, 73, the uncertainty was as to the identity of the farm to which the award referred. In *Vosburgh v. Baum,* 14 Johns. 302, the parties to the suit and the parties to the submission were not the same. The costs may be made certain by taxation, but this is not material, as the breach is assigned upon another part of the award, which is good. *Fox v. Smith,* 1 Wils. 267. The averment that the title was not passed upon, does not vitiate the award, without showing that the question was presented, with a request to have it adjudicated, and then the defect must appear upon the face of the award. *Birks v. Tippits,* 1 Saund. R. 32; (note 17.) 3 Johns. 367. *Jackson v. Ambler,* 14 Johns. 96. The power, to award title, was exercised in awarding such title as the plaintiff had.

6. The award is conclusive upon all matters submitted, and an estoppel to defendant's plea. *Wheeler v. Van Honden,* 13 Johns. 311. *De Long v. Stanton,* 9 Johns. 38. *Barlow v. Todd,* 3 Johns. 367, The plea does not aver that the question of title was submitted, (1 Chit. pl. 522,) but that, at the hearing, the title was not put in issue by the parties. If defendant then neglected to make the question, he has lost his right. *Smith v. Johnson,* 15 East, 213. *Wait v. Barry,* 12 Wend. 377. *Worthington v. Barlow,* 7 T. R. 453. *Ravee v. Farmer,* (4 T. R. 146,) and *Golightly v. Jelico,* (ib. 147,) turned on the point that the matter was not within the submission. The question of title is not a distinct matter, but an incident of the subject matter passed

upon, and therefore not only within the submission, but involved in the award. *Birks* v. *Tippet,* 1 Saund. 32. *Robertson* v. *McNiel,* 12 Wend. 578. 2 Saund. 327, (n. 3;) 2 Wils. 267 ; 2 Johns. 92; 9 Johns. 212 ; 3 Caines,166 : 15 Johns. 197; *ib.* 497 ; 10 Johns. 143 ; 3 East, 15 ; 8 East, 344 ; 2 Wend. 567 ; *Emerson* v. *Udall,* 8 Vt. R. 357.

7. The objection that the award requires the plaintiff to do what he had no power to do, in order to prevail, must appear upon the face of the award. It cannot be raised by alleging facts against which the award is conclusive. *Alder* v. *Saville,* was an award of a referee under a rule of court, and a motion to set it aside addressed to the discretion of the court. In————v. *Williams,* 13 Johns. 264, the award was upon persons not parties to the submission, and held void *pro tanto.* The plaintiff would be estopped, (*Doughty* v. *Niel,* 1 Saund. 215,) and estoppels are mutual.

8. The demurrer admits nothing but what is well pleaded. The plea is not a confession and avoidance, but, if the matter of the plea is available at all, it must be on the ground that it is inconsistent with the plaintiff's averment of tender of performance, and the plea should have concluded with a special traverse of that averment. If good in substance it is argumentative. 1 Saund. R. 22, n. 2. Steph. Pl. 384. Gould's Pl. 63. Arch. Pl. 199, Chit. Pl. 572. The general averment, that the plaintiff in no other manner performed, is not a traverse on which an issue can be taken. This general averment is never proper, except where something immaterial in the declaration, (as time or place,) is made material by the plea, and the pleadings are left open to a new assignment, as in justification of a tresspass under process. Not so if the plea amounts to the general issue. The tender of the possession is implied in the tender and refusal of the deed. But, if not, it being averred in the declaration, and not traversed, it stands admitted. The plea being neither inconsistent with, nor a traverse of any material averment in the declaration, is bad both in form and substance.

9. The sum specified in the articles of submission is not a penalty but stipulated damages. *Reily* v. *Jones,* 1 Bing. 302. *Lowe* v. *Peers,* 4 Burr. 2228. *Fletcher* v. *Dycke,* 2 T. R. 32. *Slosson* v. *Beadle,* 7 Johns. 72. *Farrant* v. *Olmius,* 3 B. & A. 692.

CHITTENDEN,
January,
1841.
——————
Whitcomb
v.
Preston.

In the cases which have been held to be a penalty, the contract has generally contained the words *penal, penalty, forfeit* or *forfeiture,* or other words to show that the parties considered it a penalty. Where the stipulation is in the nature of a penalty, damages may be recovered beyond the amount of the penalty. *Harrison* v. *Wright,* 13 East, 343. In the case at bar it is clear the plaintiff's recovery is limited to the sum stipulated.

The opinion of the court was delivered by

WILLIAMS Ch. J.—This is an action on an award. The defendant has pleaded two several pleas in bar, which are demurred to.

The questions which legitimately arise in this case are few and not difficult.

The first inquiry is, whether the award is bad for uncertainty? We think it is sufficiently certain. The Cox farm, and the interest which the plaintiff held therein, by the deed of Martin, can be easily ascertained and rendered certain.

The next thing to be decided is, the construction to be put upon the award. This award is, that the plaintiff should execute a good authentic deed of conveyance of all the lands which the plaintiff held by a deed of conveyance from Samuel Martin, without saying how much he held; and the meaning of it is, that he should convey all, more or less, which he held by that deed, and this would appear to have been the subject in controversy which was submitted. An award that a man should execute a good authentic deed of land, or that he should convey the land, intends the same thing, in my view, and would not be fulfilled by executing a deed, if the title had been conveyed away after the award and before giving the deed.

The plaintiff avers that he has offered such a deed as, in the opinion which we have expressed, the award required him to make, and also that he offered to deliver up the possession. If he had not done this he could not recover on this declaration.

The declaration counts upon an award which is not objectionable, and contains all the averments necessary to establish a right of action in the plaintiff. These views were entertained by the court at the last term, when the plaintiff had

leave to amend his declaration, and the construction of the award now expressed was adopted when the case was before us at the suit of *Preston* v. *Whitcomb,* 11 Vt. R. 47. The declaration being good, the question then arises, whether the pleas present a good defence.

The first plea in bar adopts a different construction of the award from what we consider the true one. In that plea, the award is considered as an award that Whitcomb should convey the *whole* tract of land described in Martin's deed. The plea also sets forth a want of title, and an adverse possession of part of the land. On the construction which we have adopted, the plea is not a bar, as it does not deny that the plaintiff has offered a deed of what lands he held by the deed from Martin, and has offered to give possession thereof to the defendant.

The second plea is objectionable on the same account. It It does not deny that the plaintiff held some interest, or a title to part of the land described in Martin's deed.

It is alleged, in this plea, that the question of the title to the land was not put in issue, nor adjudicated by the arbitrators. The importance of this allegation is not perceived. The submission, it appears, was of a controversy concerning the land, as well as concerning some hay. If the title was undisputed, or if no question of title was raised, it is to be presumed the parties knew the extent of the plaintiff's right, derived from the deed of Martin. Nor are we to presume the arbitrators were unacquainted with it. This would confirm our views as to the construction of the award, that the only subject on which the arbitrators were to pass, and which was to be affected by their decision, was the *interest* which was holden by the Martin deed.

Both pleas are also liable to the objection taken by the special demurrer. They amount to no more than a traverse of the performance by the plaintiff, which he had averred in his declaration, and which he would have been bound to prove on the general issue.

The judgment of the court is, that the pleas in bar are insufficient, and that the plaintiff recover the amount of the award with interest. The sum of five hundred dollars, named in the submission, cannot be considered as stipulated damages, as the act to be performed by the defendant was the payment of a sum of money.