NOAH PRESTON *v.* ERASTUS F. WHITCOMB.

[IN CHANCERY.]

To authorize a court of equity to reform a written instrument, on the ground of mistake, the evidence showing the mistake must be strong, and of a conclusive character.

Where arbitrators awarded that the orator should pay to the defendant a certain sum of money by a time specified, and that the defendant should, at the same time, execute to the orator a deed of certain premises, and the

defendant, at the day, tendered to the orator the required deed, which the orator refused to accept, and the defendant thereupon commenced an action at law against the orator upon the award, and recovered judgment for the sum awarded to be paid to him and his costs, and afterwards the defendant sold and transferred the premises to a third person, receiving the value thereof, the court enjoined the defendant from any farther proceedings to enforce payment of the judgment recovered by him at law, and ordered that he repay to the orator the amount of a payment which the orator had made to him towards the land prior to the award, and which was taken into consideration by the arbitrators, and also that he pay the orator's costs. But the defendant was allowed to deduct, from the payment to be made by him, the amount of his costs in the suit at law,—the court holding that that judgment was rightly recovered, as the facts then were.

APPEAL from the court of chancery.

The allegations in the orator's bill, which it becomes material to detail, were, in substance, that, prior to March 13, 1837, the defendant had received from the orator a quantity of hay, and that a dispute had arisen between them relative to it,—the defendant claiming that the orator had agreed to purchase the defendant's title to a certain piece of land, and that the hay was delivered in part payment therefor; that on the 13th day of March, 1837, the parties agreed to submit their differences to the arbitrament of Edward Jones and Nathan Fay, jr.; that it was fully understood by the parties and the arbitrators that the latter were not to examine at all into the title of the defendant to the premises, but, if they awarded the conveyance at all, were to award the conveyance of a good title in fee; that the arbitrators went on and heard the parties, and made an award, appraising the premises at $362,50, deducting therefrom the value of the hay, which they called $85,14, and ordering the orator to pay to the defendant the balance, being $277,36, by the first day of April, 1838, and that the defendant, on or before that day, should " well execute a good and authentic deed of conveyance" of the premises, and deliver the same, together with the possession of the premises, to the orator; that the arbitrators intended thereby to insure to the orator a conveyance of the *title* to the premises, and supposed that they had used terms in their award which would accomplish that purpose; that on the first day of April, 1838, the orator was ready to pay said sum of $277,36,

Preston *v.* Whitcomb.

but that the defendant then tendered to him a deed, which, instead of conveying a good title to the premises, conveyed only such title as the defendant then had,—which the orator averred was invalid to hold the land; that the orator refused to accept the deed tendered, and brought an action at law to enforce performance of the award, in which action the Supreme Court decided that the deed tendered was all that was required by the terms of the award;* that the defendant then commenced an action at law against the orator, upon the award, to recover the sum which, by the award, the orator was to pay to him, and recovered judgment in said action at the January Term, 1841, of the Supreme Court in Chittenden County for $340,22 damages and $36,09 costs,† on which an execution was now outstanding against the orator; and that the defendant, subsequent to the recovery of that judgment, viz., on the 13th of January, 1841, by warrantee deed of that date, well executed, acknowledged and recorded, conveyed the same premises to Joseph Whipple and Iddo Green for the sum of $362,50.

The orator prayed that the defendant might be ordered to perfect his title to the premises, and convey the same to the orator, according as the terms of the award were intended to be, or that he might be enjoined from pursuing to effect the judgment recovered by him in January, 1841.

The defendant answered, denying, in substance, that, " according to his belief," there had been any mistake made by the arbitrators in the award, but admitting that he had deeded the premises to Whipple and Green, after the recovery of his judgment in January, 1841, as alleged in the bill.‡

---

*See the report of the case, *Preston* v. *Whitcomb*, 11 Vt. 47, in which the facts from which this case originated, and the construction which the Supreme Court gave to the award above referred to, are detailed at length.

†*Whitcomb* v. *Preston*, 13 Vt. 53.

‡Both the bill and answer were very voluminous; but the main object of the bill was to have the alleged mistake in the award corrected, and, as the court did not find the fact that any mistake had occurred, it becomes unnecessary to set forth the allegations any more fully than they are above detailed.

24

---

Preston v. Whitcomb.

---

The answer was traversed, and testimony was taken upon both sides, the material portions of which are detailed in the opinion of the court.

The court of chancery decreed that the defendant, his agents, &c., be perpetually enjoined from any proceedings to enforce collection of the judgment recovered by him in January, 1841, that he pay to the orator, by a time specified, $85,14, (the price of the hay as found by the arbitrators,) with interest, and that he pay the orator's costs in this suit, deducting therefrom $36,09, being the amount of costs recovered by him in the judgment which was enjoined.

*C. D. Kasson* for orator.

1. The only true question of fact, arising in this case, is this,— is the real judgment and intention of the arbitrators' correctly embodied in the instrument which they drafted? The Supreme Court have already given a construction to this instrument, and to the deed tendered in execution of it, to the effect that a warrantee deed, in the terms of the award, would only bind the warrantor to a defence of such portion of the land, as he had a title to,—which of course needs no warranty. The arbitrator Fay expressly swears that he intended to award an indefeasible title to the *whole* land, and that he supposed that he had done so. Jones, the other arbitrator, through much circuity, comes to the same result.

*Mistake* is one of the peculiar grounds of chancery jurisdiction; and where it has been the mistake of a draftsman, as here, whether of law, or of fact, equity always relieves. *Hunt* v. *Rousmanier*, 8 Wheat. 174. *S. C.*, 1 Pet. 1. *Thomas* v. *Frazer*, 3 Ves. 399. *Joynes* v. *Statham*, 3 Atk. 357. *Underhill* v. *Horwood*, 10 Ves. 227. *Atkins* v. *Dick*, 14 Pet. 114.

2. The defendant confesses, in his answer, the fraud charged in the bill, in his conveyance of the land to Whipple and Green the 13th of January, 1841; so that, admitting the contract to have been proved as contended for by the defendant, he has rendered himself unable to perform it by his own *wrongful act*, and no decree can be made by this court to compel execution of it. It follows, hence, that the defendant has the orator's property, the hay, and *cannot*

and *will not* yield the *quid pro quo* agreed upon, and it only remains for this court to decree payment for the hay in money, and perpetually enjoin the defendant from proceeding to collect from the orator payment for the land, for which he has himself received payment from a third person.

*Hyde & Peck* and *Briggs & Underwood* for defendant.

1. The mistake complained of is not a mistake of *fact*, but a mistake of *law*, from which a court of equity cannot relieve. *Bank of U. S.* v. *Daniel et al.*, 12 Pet. 32–55. The arbitrators used precisely the language they intended,—and the construction and legal effect of a writing is a matter of law. 1 Story's Eq. 121. 1 Fonbl. Eq. B. 1, c. 2, § 7, note. The rule is more strict against correcting *awards*, than contracts. 6 Pet. Cond. R. 382. But, if a mistake alone is ground of relief, the proof must be strong and irrefragable. LORD THURLOW, in *Shelburne* v. *Inchiquin*, 1 Bro. C. C. 347. 1 Story's Eq. 169. 2 Ib. 679.

2. The judgment at law in favor of this defendant furnishes no ground for relief in this court. That action was upon the arbitration bond, and the judgment recovered was for damages for *non performance*. The rule of damages, when the plaintiff has advanced the consideration, is the value of the act to be done, or of the thing to be delivered by the defendant; but when, as in this case, the plaintiff *has not advanced* the *consideration*, the rule is different, being the difference between the contract price and the value of the thing at the time of the breach, (unless special damage be shown,) leaving each party the *owner* of the thing *stipulated upon his part.* The recovery is not the price, but a compensation in damages for non-performance; and the judgment is conclusive that it was rendered only for *just damages* for non-performance. *Hopkins* v. *Lee*, 5 Pet. Cond. R. 23. *Wells* v. *Abernethy*, 5 Conn. 222. *Clark* v. *Pinney*, 7 Cow. 681. *Dey* v. *Dox*, 9 Wend. 129.

It follows that the court cannot decree the land to the orator, because, as we have seen, the damages are assessed upon the hypothesis that the vendor keeps the property; they cannot decree the price of it, for the same reason; for the same reason they cannot enjoin the judgment, without directly impeaching it. *Bank of U. S.* v. *Daniel et al.*, 12 Pet. R. 32. 1 Story's Eq. 129.

The opinion of the court was delivered by

BENNETT, J.· The primary object of this bill is to reform an award of arbitrators, and make it different from what it is upon its face, or entirely to set it aside, and grant relief according to what is claimed to be the inherent equities of the parties.

We have no occasion to pass upon the question, whether a court of equity has power to correct a mistake in law, unaccompanied with other grounds of relief, and, if so, whether the principle should be extended to awards of arbitrators. The evidence, in this case, to show any mistake in drawing up the award, in regard to its legal effect, is unsatisfactory. To authorize a court of equity to reform a written instrument upon the ground of mistake, the evidence showing the mistake must be strong and of a conclusive character; and it has sometimes been said, it must be *irrefragable.* But, in the present case, it seems, that, by the original agreement of the parties, Preston was to give $362.50, (the sum awarded) and risk the title; and we do not learn that there was any controversy before the arbitrators about the title, or the price to be paid for it. The effect, as given to the award at law, carried out the original agreement of the parties. See 11 Vt. 47.

Very little can be made out of the testimony of Jones, going to to show a *mistake;* and though the testimony of the other arbitrator is a little more to the point, yet it stands opposed to the original agreement of the parties, and opposed to the award itself; and the defendant, according to his belief, denies in his answer that there was any mistake as to the legal effect of the award. The parties must, then, at all events in this case, stand upon the award, as made and published;—and if there had been nothing farther in the case, the bill should be dismissed with costs.

But it seems, that, after Whitcomb had recovered a judgment against Preston for the sum awarded to be paid him for the land, less the value of the hay, which he had before received, he sold and deeded the land to another person. The defendant, then, has received pay for the land, which in equity would belong to the plaintiff, upon his payment of the purchase money. The judgment, which is sought to be enjoined, it is clear, was given for the sum awarded for the land, and the interest, after deducting the hay;

Preston *v.* Whitcomb.

See *Whitcomb* v. *Preston*, 13 Vt. 53. The defendant should not be permitted to retain the avails of the land, and still collect his judgment.

It is now said by the defendant's counsel that the rule of damages at law was wrong, and that he was only entitled, in effect, to nominal damages. So far as it respects this case, it is a matter of little account, as it seems to me, whether the rule of damages adopted by the court was strictly correct, or not. The plaintiff, in that suit, elected to take his damages, in point of fact, for the sum awarded by the arbitrators, and if this was wrong, it furnishes no good reason why he should retain the benefit of this judgment, and still hold the avails of the land besides. But we think the rule adopted was the correct one. The plaintiff in that case had, in legal effect, performed the award on his part, by his having executed and tendered to the defendant such a deed as the award required, accompanied, also, with a tender of the possession. The result is, that the decree of the chancellor must be affirmed with additional costs.

The present defendant's costs in the suit upon the award were rightly deducted by the decree of the chancellor from the orator's costs in this suit. That judgment was rightfully recovered, both the damages and costs; and no reason has since intervened why the costs should not be paid. The cause is remitted to the chancellor accordingly, with instruction that he modify the decree only as to the time when the money decreed to be paid to the orator shall be *payable.*